## Retirement of School Employes

PACKEL, Attorney General, July 2, 1974.—You have requested our opinion on two questions in relation to the meaning of section 5301(a)(12) of the State Employees' Retirement Code, Act of 1974 (No. 31), (71 Pa. S. §5301(a)(12)):

(1) What is the meaning of the words "school employees" within the context of the section?

(2) Does the phrase, "an approved independent retirement program," allow the establishment of more than one plan with different contractors?

You are advised that:

(1) The term "school employees" encompasses any officer or employe of the department of Education, State-owned educational institutions, community colleges and the Pennsylvania State University.

(2) More than one plan may be established under the authority of this act.

The section in question (Chapter 53, §5301) provides:

"(a) Membership in the system shall be mandatory as of the effective date of employment for all State employees except the following:

". . .

"(12) School employees who have elected membership in an approved independent retirement program, provided that in no case shall the employer contribute on account of such elected membership at a rate greater than the employer normal contribution rate as determined in section 5508(b)."

Legislation providing for an optional, alternate retirement program was originally promoted by APSCUF/PAHE on behalf of the faculty members

which it represents. The current collective bargaining agreement between APSCUF/PAHE and the Commonwealth, effective during the period of November 2, 1971, to August 31, 1974, provides that "the parties hereto agree to jointly recommend and support legislation granting FACULTY MEMBERS the option of participating in the TIAA-CREF retirement plan . . ."

Senate Bill 193 of 1973 was introduced "[to create] an optional alternate retirement program for employes of the Department of Education, Pennsylvania State University, Indiana University of Pennsylvania and State Colleges." Senate Bill 194 of 1973, introduced to amend the Public School Employes' Retirement Code of 1959, Act of June 1, 1959, P. L. 350, as amended (24 PS §3201), contained limiting words: "eligibility for which is limited to faculty members and certain other designated employes and officers . . ." Senate Bill 195 of 1973 was introduced to amend the former State Employees' Retirement Act and contained the same limiting language. All of these bills have stayed in committee.

Act No. 31 is not similarly limited in its language. Section 5301(a)(12) allows the option to "[s]chool employees who have elected membership in an approved independent retirement program." The term "school employees" is not otherwise defined in the act. It is defined in the Public School Employes' Retirement Code of 1959, as a broadly inclusive term, covering any member of the staff of a public school or any person engaged in any work concerning or relating to a public school: Act of June 1, 1959, P. L. 350, as amended, 24 PS §3102. But Act No. 31 considers the retirement of State employes only; therefore, the term "school employees" is limited in this context by the definition of "State employees" and is not the same as the definition in the Public School

Employees' Retirement Code, Section 5102(1), 71 PS §5102(1), defines State employes, in part, as, "[any officer or employee of] the Department of Education, state-owned educational institutions, community colleges, and The Pennsylvania State University . . ." Accordingly, even though this legislation was originally promoted by APSCUF/PAHE on behalf of the faculty members which it represents, we are of the opinion that the scope of the present legislation should be no more limited than it is by the applicable section of the definition of "State employees" under Act No. 31 of 1974.

Concerning the second question you have raised, although the APSCUF/PAHE contract directs itself exclusively to the TIAA retirement system, the legislation is broad in its terms, referring only to "an approved independent retirement program." The word "an" here is used in the context "any." The whole purpose of the section is to allow options and that intention would be frustrated by allowing the establishment of only one such plan. Moreover, no standards are set forth to guide in the choice of the "one." Accordingly, we conclude that more than one optional retirement program is allowed.

A third question arises with the consideration of the two questions already discussed. That is: Who has the authority to approve such an independent program? The rules and regulations proposed by the State Employees' Retirement Board construe approval to be by the employing agency head: 4 Pa. B. 1236. We see no reason, at present, to overrule this proposed regulation.

We hope the above explanation has been of assistance to you, and we stand ready to answer further questions if called upon to do so.